COPY

FILED

2013 MAY -6  AM 10: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000

Facsimile: 415.268.7522

Attorneys for Defendant
WESTERN DENTAL SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE MURDOCK, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN DENTAL SERVICES, INC.,<br><br>Defendant. | Case No. EDCV13- 835-YAP (DTBx)<br><br>[Underlying Case currently pending]<br>Case No. 3:12-CV-2449-GPC-BLM<br><br>Hon. Gonzalo P. Curiel<br><br>**WESTERN DENTAL SERVICES' NOTICE OF MOTION AND MOTION TO ENFORCE SUBPOENA**<br><br>Hearing: To Be Set June 3, 2013<br>Time: To Be Set 2:00 P.M.<br><br>Courtroom: 2 |

NOTICE OF MOTION AND MOTION TO ENFORCE
SUBPOENA
sf-3279819

# NOTICE OF MOTION

PLEASE TAKE NOTICE the Defendant in the underlying case currently pending in the United States District Court for the Southern District of California, *Murdock v. Western Dental Services, Inc.,* No. 12-CV-2449, through its attorneys Morrison & Foerster, LLP, and pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to enforce a third-party subpoena issued from this judicial district.  Defendant Western Dental Services ("WDS") respectfully requests that this Court compel the subpoenaed party, Jennifer Simmer, to attend a deposition or find her in contempt under Rule 45(e).

Specifically, WDS requests an Order requiring Simmer to appear for a deposition on **June 4, 2013 at 10:00 a.m.** at the offices of Morrison & Foerster, LLP at 707 Wilshire Blvd., Suite 6000, Los Angeles, California 90017-3543.  WDS further requests an Order compelling Simmer to produce the documents requested in the subpoena served on her.  If Simmer fails to appear, Western Dental Services requests that this Court find her in contempt and issue sanctions.

This motion is being filed in accordance with Civil Local Rule 37-2.4 in lieu of a Joint Stipulation.  Ms. Simmer has failed to confer with counsel for WDS in a timely manner as described in the accompanying declaration from Tiffany Cheung, counsel of record for WDS.

This motion is based upon this Notice of Motion; the Memorandum of Points and Authorities attached hereto; the exhibits attached hereto; and such other oral and further written argument and evidence as may be presented at or before the hearing of this matter.

1    Dated:  May 3, 2013                Tiffany Cheung
                                        MORRISON & FOERSTER LLP
2

3
                                        By: _____
4                                          Tiffany Cheung

5                                       Attorney for Defendant
                                        WESTERN DENTAL SERVICES, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.     INTRODUCTION AND BACKGROUND

3       This motion concerns a third-party subpoena issued from this judicial district

4   to compel the production of documents and the deposition testimony of Jennifer

5   Simmer in a case pending in the United States District Court for the Southern

6   District of California, *Murdock v. Western Dental Services, Inc.*, No. 12-CV-2449

7   ("the underlying case").  The Complaint filed in that case on October 9, 2012

8   alleges that Western Dental Services ("WDS") called the Plaintiff's cellular

9   telephone number, (562) 686-4340, without her consent in violation of the

10   Telephone Consumer Protection Act.  (*See* Declaration of Tiffany Cheung

11   ("Cheung Decl.") Ex. A.)  WDS's investigation, however, indicates that Plaintiff's

12   former roommate, Jennifer Simmer, was the regular user of the telephone and

13   provided the requisite consent to WDS to be contacted at that number.

14       On March 4, 2013, WDS served a notice of deposition and subpoena on

15   Jennifer Simmer. (Cheung Decl. Ex. B.)  The deposition was originally noticed for

16   March 29, 2013.  As Ms. Simmer is unrepresented by counsel, WDS attempted to

17   serve her personally.  *See* Cheung Decl. at ¶ 5.  Personal service was successfully

18   completed on March 20, 2013 at her residence, 643 Stoney Creek Circle, Corona,

19   California 92879.  (*See* Declaration of Service, Cheung Decl. Ex C.)

20       After personal service was executed, counsel for WDS made numerous

21   attempts to contact Simmer to confirm her deposition date.  *See* Cheung Decl. at ¶¶

22   6-9.  After two initial conversations with WDS's counsel during which Simmer

23   agreed to provide counsel with dates on which she would be available for

24   deposition, Simmer never returned any calls to confirm a deposition date.  In

25   addition to the calls with Simmer, counsel for WDS also sent two letters to Simmer

26   asking her to confirm her deposition date.  (*See* T. Cheung Letter to J. Simmer

27   dated April 12, 2013, Cheung Decl. Ex. D.; T. Cheung Letter to J. Simmer dated

28   April 19, 2013, Cheung Decl. Ex. E.)  Simmer never responded to these letters.

1

1   Simmer has not served any objections to the subpoena.  (*Id.* at ¶ 10.)

2        Discovery in the underlying case is ongoing.  The parties served initial

3   disclosures on February 14, 2013.  Both parties responded to written discovery on

4   April 8 and 9, 2013 and are in the process of producing documents.  (*See* Cheung

5   Decl. at ¶ 10.)  The deadline for plaintiff's class certification motion is June 28,

6   2013.  WDS anticipates that Ms. Simmer's documents and testimony will support

7   WDS's opposition to plaintiff's anticipated class certification motion and will

8   show, among other things, that the plaintiff in the underlying case is not an

9   adequate or typical class representative.

10   **II.   LEGAL STANDARD**

11        Jurisdiction over this motion is proper in this Court as the subpoena was

12   issued here.  *See* Fed. R. Civ. P. 45(c)(3)(A); *Realtime Data, LLC v. MetroPCS*

13   *Texas, LLC*, No. 12-CV-1048, 2012 WL 1905080, at *1 (S.D. Cal. May 25, 2012).

14        The Federal Rules of Civil Procedure generally allow for broad discovery.

15   Courts may order discovery "of any matter relevant to the subject matter involved

16   in the action."  Fed. R. Civ. P. 26(b)(1).  A matter is relevant for discovery purposes

17   if it is "reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

18   In addition to relevance, Rule 45 imposes a requirement on a party issuing a

19   subpoena to "take reasonable steps to avoid imposing undue burden or expense on a

20   person subject to the subpoena."  Rule 45(c)(1); *Realtime Data*, 2012 WL 1905080,

21   at *2.  "Thus, a court determining the propriety of a subpoena balances the

22   relevance of the discovery sought, the requesting party's need, and the potential

23   hardship to the party subject to the subpoena."  *Gonzales v. Google, Inc.*, 234

24   F.R.D. 674, 680 (N.D. Cal. 2006)

25        Rule 45(e) of the Federal Rules of Civil Procedure provides that "the issuing

26   court may hold in contempt a person who, having been served, fails without

27   adequate excuse to obey a subpoena."  Fed. R. Civ. P. 45(e).  Subpoenas, though

28   issued by attorneys, are issued on behalf of the court, and are thus treated as orders

1    of the court. *Martinez v. City of Pittsburg*, No. 11-CV-01017, 2012 WL 699462 at

2    \*2 (N.D. Cal. Mar. 1, 2012).  "A district court has wide latitude in determining

3    whether there has been a contemptuous defiance of one of its orders." *Bademyan v.*

4    *Receivable Mgmt. Servs. Corp.*, No. 08-CV-00519, 2009 WL 605789, at \*1 (C.D.

5    Cal. Mar. 9, 2009) (citing *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th

6    Cir. 1992)).  A contempt order against a nonparty may be either criminal or civil in

7    nature. *Martinez*, 2012 WL 699462, at \* 3.

8    ### III.   ANALYSIS

9          Here, the relevance of Ms. Simmer's deposition testimony and documents

10   and WDS's need for that evidence outweighs any potential burden to Ms. Simmer.

11   Ms. Simmer's deposition will be critical to WDS's ability to defend this case.  "[A]

12   call made . . . with the prior express consent of the called party" does not violate the

13   TCPA.  47 U.S.C. § 227(b)(1)(A); *see also In re Rules and Regulations*

14   *Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752,

15   8769 ¶ 29 (Oct. 16, 1992).  Express consent is established when an individual

16   voluntarily provides her telephone number to another. *See In the Matter of Rules*

17   *and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23

18   F.C.C.R. 559, 564 (Jan. 4, 2008) ("We conclude that the provision of a cell phone

19   number to a creditor . . . reasonably evidences prior express consent by the cell

20   phone subscriber to be contacted at that number regarding the debt."); *Pinkard v.*

21   *Wal-Mart Stores, Inc.*, No. 3:12-CV-02902, 2012 U.S. Dist. LEXIS 160938, at \*5,

22   \*11-16 (N.D. Ala. Nov. 9, 2012) (granting defendant's motion to dismiss TCPA

23   claim with prejudice because plaintiff expressly consented to receiving text

24   messages by providing a cell phone number to defendant).  Indeed, the "authorities

25   are almost unanimous in holding that voluntarily furnishing a cellphone number . . .

26   constitutes express consent." *Saunders v. NCO Fin. Sys., Inc.*, No. 12-CV-1750

27   BMC, 2012 U.S. Dist. LEXIS 181174, at \*8 (E.D.N.Y. Dec. 21, 2012).

28          WDS's investigation indicates that both Jennifer Simmer and her daughter

NOTICE OF MOTION AND MOTION TO ENFORCE
SUBPOENA
sf-3279819

3

1    were patients of WDS, and in connection with the dental services they received,

2    Simmer voluntarily provided the (562) 686-4340 telephone number as the number

3    at which WDS could contact her.  (*See* Cheung Decl. at ¶ 13.)  WDS's investigation

4    also shows that Simmer gave consent to WDS to contact the (562) 686-4340

5    telephone number using autodialed or prerecorded calls and that Simmer was the

6    regular user of that phone number during the relevant time period.  Consent will be

7    a critical issue in the case, and evidence from Simmer demonstrating that she

8    provided the requisite consent to call the number she regularly used is directly

9    relevant to WDS's defenses and assessing whether plaintiff can be an adequate or

10   typical class representative where plaintiff herself has no claim against WDS.

11        WDS's needs Jennifer Simmer's deposition testimony and the documents it

12   requested because it cannot obtain this information any other way.  Ms. Simmer is

13   likely the only source with personal knowledge regarding her provision of the (562)

14   686-4340 telephone number to WDS, her use of that phone number, and the

15   consent she provided to WDS to contact that number using autodialed or

16   prerecorded calls.  Without Simmer's documents and testimony, WDS's ability to

17   mount a critical defense will be impaired.

18        Finally, attending a deposition would not pose an undue burden for Ms.

19   Simmer.  Although a non-party may not be compelled to travel more than 100 miles

20   to attend a deposition, *see* Rule 45(a)(3)(A), WDS had originally noticed the

21   deposition to occur approximately 50 miles from Ms. Simmer's residence.[1]  (*See*

22   Cheung Decl. Ex F.)  After the subpoena was served, WDS's counsel further

23   offered to move the location of the deposition to Riverside, California, a location

24   _____

25        [1] At the time WDS originally noticed the deposition, the Los Angeles office
     of Morrison & Foerster, counsel of record for WDS, was located at 555 West Fifth
26   Street in Los Angeles.  That office has recently moved a few blocks away to 707
     Wilshire Blvd. in Los Angeles.  WDS requests the Court to enter an order
27   compelling Simmer's deposition at this new address.

28

1    that Ms. Simmer stated would be more convenient for her. (*Id*. at ¶ 6.)  Counsel for

2    WDS has also repeatedly told Simmer that it was willing to schedule the deposition

3    on a mutually agreeable date.  (*See* Cheung Decl. ¶ 6; Cheung Decl. Ex. B at 1.)

4    Rather than take advantage of counsel's flexibility to minimize whatever

5    inconvenience being deposed may cause her, Ms. Simmer has ignored the subpoena

6    and flouted the authority of this Court.

7       District courts routinely issue orders to compel third parties to appear for

8    depositions and threaten or grant sanctions if the party fails to appear.  *See, e.g.*,

9    *Sanchez v. Pathmark Stores,* No. 04-CV-1159, 2009 WL 398103 (S.D.N.Y. Feb.

10   17, 2009) (ordering a third party who failed to appear at her previously noticed

11   deposition to appear for a deposition or show cause why she should not be held in

12   contempt); *In re Coan*, No. 06-CV-80350, 2007 WL 128010 (N.D. Cal. Jan. 12,

13   2007) (granting motion to compel compliance with deposition subpoenas and

14   granting request for sanctions).  WDS respectfully submits such an order is

15   necessary in this case to enforce the Court's authority and allow WDS to obtain

16   relevant and necessary discovery.

17       **IV.    CONCLUSION**

18       For the foregoing reasons, WDS respectfully requests (a) that this Court enter

19   an Order compelling Jennifer Simmer to appear for a deposition and produce

20   documents on or before June 4, 2013; and (b) should Ms. Simmer fail to appear,

21   enter an Order finding Ms. Simmer in contempt of court and imposing whatever

22   sanctions the Court deems reasonable and just.

23

24

25

26

27

28

1

2      Dated:  May 3, 2013                    Tiffany Cheung
                                             MORRISON & FOERSTER LLP
3

4                                            By: _____
                                                 Tiffany Cheung
5

6                                            Attorney for Defendant
                                             WESTERN DENTAL SERVICES, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## CERTIFICATE OF SERVICE BY MAIL
### (Fed. R. Civ. Proc. rule 5(b))

3          I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482; I am
4     not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of
5     correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document
6     described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully
7     prepaid for collection and mailing.

8          I further declare that on the date hereof I served a copy of:

9     **CIVIL COVER SHEET**

10    **WESTERN DENTAL SERVICES' NOTICE OF MOTION
      AND MOTION TO ENFORCE SUBPOENA**

11    **DECLARATION OF TIFFANY CHEUNG IN SUPPORT
12    OF MOTION TO ENFORCE SUBPOENA**

13    **WESTERN DENTAL SERVICES' NOTICE OF
      INTERESTED PARTIES**

14    **[PROPOSED] ORDER REGARDING WESTERN
      DENTAL SERVICE'S MOTION TO ENFORCE
15    SUBPOENA**

16    on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 425
17    Market Street, San Francisco, California 94105-2482, in accordance with Morrison & Foerster's ordinary business practices:

18
19         Attorneys for Plaintiff

20    **Todd M. Friedman**                     **Michael S. Agruss**
      **Nicholas J. Bontrager**                **AGRUSS LAW FIRM, LLC**
21    **LAW OFFICES OF TODD M.**               **22 W. Washington Street**
      **FRIEDMAN, P.C.**                       **Suite 1500**
22    **369 S. Doheny Dr., #415**              **Chicago, Illinois 60602**
23    **Beverly Hills, CA 90211**

24
25         I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
26
27
28

1    Executed at San Francisco, California, this 3rd day of May, 2013.

2

3

4

5    _____          *Barbara Johnston*

6              Barbara Johnston                        (signature)
                   (typed)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE                        2

sf-3281601

# CERTIFICATE OF SERVICE BY OVERNIGHT DELIVERY
(Fed. R. Civ. Proc. rule 5(b))

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California  94105-2482; I am not a party to the within cause; I am over the age of eighteen years; and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it is placed at Morrison & Foerster for collection.

I further declare that on the date hereof I served a copy of:

**CIVIL COVER SHEET**

**WESTERN DENTAL SERVICES' NOTICE OF MOTION AND MOTION TO ENFORCE SUBPOENA**

**DECLARATION OF TIFFANY CHEUNG IN SUPPORT OF MOTION TO ENFORCE SUBPOENA**

**WESTERN DENTAL SERVICES' NOTICE OF INTERESTED PARTIES**

**[PROPOSED] ORDER REGARDING WESTERN DENTAL SERVICE'S MOTION TO ENFORCE SUBPOENA**

on the following by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows for collection by UPS at Morrison & Foerster LLP, 425 Market Street, San Francisco, California  94105-2482, in accordance with Morrison & Foerster's ordinary business practice.

Jennifer Simmer
643 Stoney Creek Circle
Corona, CA 928779

I declare under penalty of perjury that the above is true and correct.

Executed at San Francisco, California, this 3rd day of May, 2013.

| | |
|---|---|
| Barbara J. Johnston | *Barbara Johnston* |
| (typed) | (signature) |

Certificate of Service
sf-3281624

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 835 VAP  (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

NATALIE MURDOCK, on behalf of herself and all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

WESTERN DENTAL SERVICES, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number.  If you are representing yourself, provide same.)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415, Beverly Hills, CA 90211

**(b)** Attorneys (Firm Name, Address and Telephone Number.  If you are representing yourself, provide same.)
TIFFANY CHEUNG
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
This is a motion brought by Western Dental Services, a party in an action pending in the Southern District of California, to enforce a subpoena issued in this judicial district. The cause of action in the underlying case is 47 U.S.C. § 227 ET SEQ.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number: EDCV13-835

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note**: In land condemnation cases, use the location of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *Tiffany Cheung / BG*   DATE: May 3, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |